IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID J. WHITEFOOT and
ELENA R. WHITEFOOT                                                                    PLAINTIFFS

V.                                                                  CAUSE NO.: 1:14CV113-SA-DAS

SHERIFF OF CLAY COUNTY, et al.                                                        DEFENDANTS

MEMORANDUM OPINION

Numerous motions are pending in the above-cited case. After reviewing the motions, responses, rules and authorities, the Court finds as follows:

Motion for Clerk to Enter Default [15]

Plaintiffs seek to have default entered against all served Defendants. Defendant Clay County was served on September 11, 2014, and filed a Motion for More Definite Statement on October 1, 2014. *See* FED. R. CIV. P. 12(a)(4)(B) (excusing the filing of a responsive pleading until after the court rules on a motion for more definite statement). There is no indication on the docket, however, that the other defendants, all sued in their individual capacities, were served with a summons and complaint. FED. R. CIV. P. 4(l) (requiring proof of service to be made to the court). Indeed, summonses were issued on July 9, 2014, and reissued on August 20, 2014, and October 31, 2014. No docket text indicates that these summonses were returned executed. Further, the Court finds that the filing of Plaintiffs' Second Amended Complaint on February 24, 2015, would require the same service that an original pleading would. FED. R. CIV. P. 4(c). The Court has no proof that that service was ever completed. Accordingly, Plaintiff's Motion for Clerk to Enter Default is DENIED.

Motion to Set Aside Entry of Default [60] [62]

After Plaintiffs' request for the Clerk to Enter Default as to certain defendants, the Plaintiffs filed an Amended Complaint on February 24, 2015. Clay County filed an Answer on March 16, but Jeff Rawlings, who had previously been served and was therefore active in this case, did not file an answer. The Clerk made an Entry of Default against both Defendants on March 19, 2015. Those Defendants seek to have that entry of default set aside. Rawlings notes that he filed a Motion to Dismiss as to the first Amended Complaint that had yet to be decided by the Court, and further, that he was actively engaged in defending the suit through filings and responses. Clay County asserts that it filed an Answer to the Second Amended Complaint, and that Answer should be deemed timely filed.

"Default judgments or entries of default are useful tools for the efficient administration of justice." *Griffin v. Humphrey*, 2008 U.S. Dist. LEXIS 104964, 2008 WL 3287132, at *1 (N.D. Miss. Aug. 7, 2008) (internal citation omitted). However, default judgment is "a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Entry of default is, itself, a prerequisite to entry of a default judgment. *Jefferson v. Louisiana Dep't of Public Safety and Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010).

Regarding the standard of review for setting aside a clerk's entry of default, it is well recognized whether to do so is "within the sound discretion of the district court." *United States v. Gentry*, 2014 U.S. Dist. LEXIS 122087, 2014 WL 4352094, at *2 (N.D. Miss. Sept. 2, 2014) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). Under Federal Rule of Civil Procedure 55(c), the standard to set aside an entry of default is "good cause." *Griffin*, 2008 U.S. Dist. LEXIS 104964, 2008 WL 3287132, at *1 (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292

(5th Cir. 2000)). "In determining good cause to set aside an entry of default, the court balances whether: 1) the default was willful, 2) the set-aside would be prejudicial to the non-moving party, and 3) the alleged defense is meritorious." *Griffin*, 2008 U.S. Dist. LEXIS 104964, 2008 WL 3287132, at *1 (internal citation omitted); *see also In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008).

Here, the Court finds that there is good cause to set aside the entry of default against Jeff Rawlings and Clay County. As both Defendants have been actively engaged in defense of this lawsuit, there is no indication that the default was willful. Plaintiff has failed to show any prejudice a set aside would cause, and further, the Court finds that the defenses asserted against Plaintiffs may prove to be meritorious. Therefore, the Court finds that the motions to set aside the Clerk's Entries of Default [60] and [62] are GRANTED. Clay County's Answer to the Second Amended Complaint shall be deemed timely filed. Rawlings' Answer is due within 20 days of the date of this Order.

<u>Motion to Dismiss</u> [20]

Defendant Rawlings has moved to dismiss Plaintiffs' First Amended Complaint on the basis that the statute of limitations has run, or that the action is barred by res judicata. Plaintiffs responded asserting that the filing of another federal civil action, Cause No. 1:14cv050, tolled the statute of limitations. Plaintiffs failed to respond to the argument regarding res judicata and the possibility that this cause of action is simply an appeal of a replevin judgment from the Mississippi Supreme Court.

Plaintiffs have since filed a Second Amended Complaint, and the magistrate judge has ordered Plaintiffs to file a more definite statement pursuant to Federal Rule of Civil Procedure 8. Because Plaintiffs have since appealed that ruling, and the issues raised by Rawlings may be

dispositive of this case once a more definite statement is made, the Court DENIES WITHOUT PREJUDICE the Motion to Dismiss. The Motion for Extension of Time [25] is MOOT.

Motion to Appeal the Magistrate Judge Order [45]

Plaintiffs sought by ex parte motion to extend the time to serve the Defendants not previously served in this action. Magistrate Judge Sanders denied that motion on the basis that it was not a proper ex parte request. Plaintiffs contend on appeal that the motion was improperly marked as an ex parte motion and should have been considered on its merits.

Federal Rule of Civil Procedure 4(m) provides 120 days to serve a defendant after the complaint is filed. The Rule notes, however, that if service is not made within that time period and a plaintiff shows "good cause" for the failure to serve within the time period, the court "must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Plaintiffs' original Complaint was filed on July 9, 2014, and amended shortly thereafter on August 20, 2014. Summonses were reissued to the Defendants at that time. Summonses were again reissued on October 31, 2014. Plaintiffs filed the ex parte motion in January of 2015, and that order denying the motion was docketed on January 20, 2015. Plaintiffs then filed this Motion to Appeal the Magistrate Judge Decision on February 4, 2015.

Federal Rule of Civil Procedure 72 governs magistrate judge consideration of nondispositive matters. That Rule allows objections to magistrate judge's orders to be made within fourteen days and directs the district judge to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."

Magistrate Judge Sanders considered Plaintiffs' request and denied it on the grounds that the request for additional time to serve the Defendants was an improper ex parte request. Proper ex parte matters are issues "[d]one or made at the instance and for the benefit of one party only,

and without notice to, or argument by, anyone having an adverse interest . . . ." 697 Black's Law Dict. (10th Ed.). Here, the decision to extend the time to serve Defendants does not fit within the definition of ex parte as the other defendants served would have an interest in that request. Further, the Court finds that Plaintiffs had earlier applied for an extension of service deadline without designating such request as ex parte. Accordingly, the Court finds that the magistrate judge's order was not clearly erroneous or contrary to law.

Moreover, even if the magistrate judge had considered the merits of the motion, the Court finds that denial of that request would be appropriate. Plaintiffs' Amended Complaint was filed on August 20. Significant litigation had taken place in five months between the amendment and request for time. Further, extensions of the time to serve Defendants had already been given freely in this case. The statement in Rule 4 that extensions of time be freely given has been adequately met. The Court also notes that Plaintiffs' request for time did not show good cause for the failure to serve the Defendants timely. Indeed, Plaintiffs' request complained not of the difficulty of serving the Defendants, but of the expense of serving those parties. Accordingly, Plaintiffs' Motion to Appeal the Magistrate Judge's refusal to extend the time to serve the unserved Defendants is DENIED.

Motion to Disqualify the Magistrate Judge [46]

Plaintiffs seek to disqualify the magistrate judge assigned to this case. Plaintiffs assert that there is an appearance of bias against pro se plaintiffs. In particular, Plaintiffs highlight an order entered by the magistrate judge finding their request for an extension of time as moot and that the Plaintiffs' response had already been filed when Plaintiffs contend the response was not filed.

According to the docket, Defendants filed a Motion for More Definite Statement [13] on October 1, and a Motion to Dismiss on October 13. Plaintiffs filed a motion for extension of time to respond to the Motion for More Definite Statement on October 15 [21]. The next correspondence from the Plaintiffs was then docketed by the Clerk's Office as Plaintiffs' Response to that motion. *See* [23], [24]. Instead, however, that Response pertained to the pending Motion to Dismiss. The Magistrate Judge entered an order on October 31 finding the motion for extension of time moot based on his mistaken understanding that the response was to the Motion for More Definite Statement and not the Motion to Dismiss. On November 7, 2014, however, the Magistrate Judge vacated that finding of mootness and allowed Plaintiffs until November 24 to file a response to the Motion for More Definite Statement. Once all the briefing was in, the Magistrate Judge granted the requested relief after considering all filings.

Plaintiffs have failed to show any bias or prejudice on the part of the magistrate judge. Moreover, no objective person would question the impartiality of the magistrate judge simply because he mooted an extension of time believing a response had been filed. *See* 28 U.S.C. §455(a). Plaintiffs' request to disqualify the magistrate judge is DENIED.

<u>Motion to Stay the Order Granting the Motion for a More Definite Statement</u> [48]

Plaintiffs seek to stay the Order Granting the Motion for a More Definite Statement. That request is DENIED. This case has almost been pending for one year and yet there is no scheduling order, trial date, or discovery deadline set. Plaintiffs' myriad of filings has substantially slowed down the litigation process in this case. Accordingly, Plaintiffs request for a stay is DENIED.

Appeal of the Magistrate Judge's Order Granting the Motion for a More Definite Statement [49]

Plaintiffs additionally appeal the magistrate judge's Order granting the Motion for a More Definite Statement. In the language of the Order, the magistrate judge indicates that even though pro se pleadings are to be liberally construed, "the court is compelled to agree with this defendant and to grant the motion." Plaintiffs assert that the Order should be stayed until it is disclosed who or what the magistrate judge was "compelled" by. Plaintiffs raise no other issue in the appeal and cite no law.

After reviewing the submissions, complaint, and authorities on the Motion for a More Definite Statement, as well as the magistrate judge's Order granting that motion, the Court cannot say that the ruling is clearly erroneous or contrary to law. The magistrate judge was "compelled" to grant that motion by his examination of case law and civil procedure. The Plaintiffs' Appeal is DENIED.

Motion for Default Judgment for Fraud on the Dockets [70]

Plaintiffs argue that the Clay County attorney has an inside connection with the "pro se law clerk" of this district. In response, the Clay County attorney denies having any contact with any Northern District of Mississippi staff. Plaintiffs contend that the Clay County attorney never specifically denies contact with the pro se law clerk.

As explained below, there is no pro se law clerk assigned to this case. Moreover, Plaintiffs have accessed and continue to access PACER to ensure that all documents filed are properly docketed. No evidence or indication that Plaintiffs' filings have not been docketed has been made.

7

Plaintiffs' blanket conclusory statements regarding collusion between the Clay County attorney and some member of the Court are unfounded. The request for a default judgment on the basis of this misrepresentation is DENIED.

Petition for Pro Se Law Clerk to be removed from the case [75]

Plaintiffs' contend that a pro se law clerk is acting as a "proxy judge" in this case based on some Internet blog regarding the role of a pro se law clerk. Plaintiffs seek removal of the pro se law clerk in this case.

There is no pro se law clerk handling this case. Plaintiffs have been instructed to mail their filings to a "Pro Se Law Clerk" address in the Court system. All mail received at that post office box is immediately filed on the docket with no input from any member of the court staff. There is no allegation by Plaintiffs that the submissions are not being docketed correctly or timely. Therefore, to the extent that Plaintiffs' allegations could be construed as a claim against the Clerk's Office, those claims are DENIED.

All decisions in this case are coming from either the undersigned judge or the magistrate judge assigned to this case. All submissions by the pro se parties are being liberally construed according to our mandate from the Fifth Circuit. Decisions in this case, as well as all other cases, are based on the submissions of the parties and the governing law and case law available. In order to make the best rulings consistent with the law, all submissions need to be clear and concise. Regardless of who the parties are and whether those parties are represented, the Court considers all arguments and allegations equally and will apply the law to the facts impartially.

Notice of Incomplete Process

This is notice to all parties that summonses have not been served on the following parties:

Eddie Scott, in his individual capacity
Brad Pettit, in his individual capacity

>Frank Williamson, in his individual capacity
>Cecil Simmons
>Simmons Mobile Home Service, LLC
>Trey Simmons
>Judge Lee J. Howard

Failure to serve these defendants within the 120 day time period will result in their dismissal from the lawsuit. Once those defendants are served, or the 120 day period expires, whichever occurs first, the magistrate judge will schedule a case management conference in order to set deadlines in this case in order to move this case forward to a final resolution. The parties are encouraged to seek resolution of issues among themselves before bringing it to the Court.

SO ORDERED, this the 15th day of June, 2015.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**