IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID J. WHITEFOOT and
ELENA R. WHITEFOOT                                                                      PLAINTIFFS

V.                                                      CAUSE NO.: 1:14-CV-113-SA-DAS

SHERIFF OF CLAY COUNTY, et al.                                                        DEFENDANTS

MEMORANDUM OPINION

Two motions for default judgment and a motion to dismiss are pending in the above-cited case. After reviewing the motions, responses, rules and authorities, the Court finds as follows:

*Motions for Default Judgment*

This Court entered an Order [79] along with a corresponding Memorandum Opinion [80] on June 15, 2015 granting Defendants Jeff Rawlings and Rawlings & MacInnis PA's Motion to Set Aside Entry of Default [60]. Plaintiffs subsequently filed a Motion for Default Judgment [82] against Rawlings & MacInnis PA arguing that the Court's order granted relief only to individual Defendant Rawlings, and did not expressly grant relief to Defendant Rawlings & MacInnis PA. This argument is misplaced. The Court granted Defendants Rawlings *and* Rawlings & MacInnis PA's Motion to Set Aside. To the extent that the specific language of the Court's order and opinion was ambiguous, the Court now clarifies that the Court Clerk's entries of default against Rawlings *and* Rawlings & MacInnis PA contained in Document [59] are SET ASIDE. Plaintiffs' Motion for Default Judgment [82] is DENIED.

As part of this Court's ruling setting aside the Clerk's entry of default against Rawlings and Rawlings & MacInnis PA (the Rawlings Defendants), the Court denied the Rawlings Defendants then pending motion to dismiss Plaintiffs' first amended complaint *without prejudice* in light of the fact that the Plaintiffs had already filed a second amended complaint and that the

magistrate judge had ordered the Plaintiffs to file a more definite statement. The Court also gave the Rawlings Defendants twenty days to file an answer to the Plaintiffs' amended complaint. The Rawlings Defendants did not file an answer, but did file a Motion to Dismiss [87] within the allotted time. In response, the Plaintiffs filed an Affidavit [90] and a Motion for an Entry of Default [93] arguing that the Rawlings Defendants failed to file an answer within the time allotted.

A defendant may file a motion to dismiss and await its disposition before filing an answer. *See* FED. R. CIV. P. 12(a)(4). Because Federal Rule of Civil Procedure 12(a)(4) allows the filing of a dispositive motion to toll the time allowed for filing an answer, and because the very purpose of Rule 12, and the nature of Rule 12 defenses require pre-answer filing, the Court finds that the Rawlings Defendants substantially complied with the Court's order. *See* C. Wright & A. Miller 5B Fed. Prac. & Proc. Civ. § 1342 (3d ed.) (stating "[t]he objective of Federal Rule 12 is to expedite and simplify the pretrial phase of federal litigation while at the same time promoting the just disposition of civil cases. It does so in part by providing a streamlined system for the presentation of defenses and objections.").

Indeed, the primary arguments set forth in the present motion to dismiss involve the statute of limitations and res judicata, both issues, which if dispositive would obviate the need for further litigation. Furthermore, "[a] default judgment is a 'drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 400-01 (5th Cir. 2008) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)) (finding no abuse of discretion in district court's refusal to enter default judgment against defendant that filed motion to dismiss one day outside the allotted period for filing an answer). For these reasons, the Court finds that

good cause exists for the Court to consider the Rawlings Defendants' motion to dismiss, and the Plaintiffs' Motion for Default Judgment [93] is DENIED.

*Motion to Dismiss*

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

It is well-established that "*pro se c*omplaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Taylor*, 296 F.3d at 378 (quoting *S. Christian Leadership Conference v. Supreme Court of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

The Rawlings Defendants filed a motion to dismiss arguing that the Plaintiffs' claims are time barred by the statute of limitations and are also barred by the doctrine of res judicata, because the claims in this case have already been ruled upon by the courts of the state of Mississippi. Finding the statute of limitations defense raised in this case dispositive, the Court need not reach the res judicata argument.

In their amended complaint, the Plaintiffs allege claims based on two separate incidents.

The allegations against the Rawlings Defendants relate only to the first incident. The Plaintiffs' claims arise out of a replevin action in state court under which a mobile home, owned by their son but situated on their property, was repossessed by a private lender because the son had allegedly defaulted on his payments. The Plaintiffs allege, *inter alia*, violations of procedural Due Process under the Fourteenth Amendment, trespassing, destruction of property, and civil conspiracy. As to the Rawlings Defendants, the Plaintiffs specifically allege that Rawlings, an attorney, participated in the above violations by conspiring with the lender, the Clay County Sheriff's Department, and a state court judge. Plaintiffs have explicitly invoked the protection of 42 U.S.C. §1983 and have alleged state law violations as well.

It is undisputed that the Plaintiffs' claims against the Rawlings Defendants arose on March 22, 2011. *See* [54] at ¶ 95, 98; and [23] at ¶ 25. It is also undisputed that a three-year statute of limitations applies to the Plaintiffs' claims. *See* [23] at ¶ 25.[1] The Plaintiffs' last day to file within the applicable statute of limitations was March 22, 2014. The Plaintiffs filed this suit on July 9, 2014. Although the Plaintiffs recognize this issue, they argue that the statute of limitations was tolled by their filing of another suit on these same claims.

Plaintiffs allege, and the record supports, that they filed another case based on similar allegations on March 20, 2014, two days before the statute of limitations had run.[2] The Court notes that Defendant Rawlings & MacInnis PA was not named in the first suit, and although Rawlings was named in the first suit, he was never served. The Plaintiffs further argue that when

---

[1] To the extent that the Plaintiffs have alleged cognizable federal claims under 42 U.S.C. §1983, "[u]nder federal law, the statute of limitations under § 1983 begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, which in Mississippi is three years." *Edmonds v. Oktibbeha Cty., Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (quoting *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)), and (citing MISS. CODE ANN. § 15–1–49). As to the Plaintiffs' state law claims, Mississippi's general three-year statute of limitations contained in Mississippi § 15–1–49 applies.

[2] *See* Civil Action 1:14-CV-50-MPM-DAS filed in the Northern District of Mississippi on March 20, 2014.

they voluntarily dismissed that case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on July 8, 2014, they had two days remaining under the statute of limitations making the filing of the instant case on July 9, 2014 within the original statute of limitations period.[3]

Generally, in federal cases filing a complaint with the court commences an action and tolls the applicable statute of limitations, even when the applicable statute of limitations is borrowed from state law. *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) (citing *West v. Conrail*, 481 U.S. 35, 107 S. Ct. 1538, 1541, 95 L. Ed. 2d 32 (1987)); FED. R. CIV. P. 3. However, when a plaintiff voluntarily dismisses a case under Rule 41(a), "[t]he rule in the federal courts is that the effect of a voluntary dismissal without prejudice pursuant to Rule 41(a) is to render the proceedings a nullity and leave the parties as if the action had never been brought." *Thompson v. Greyhound Lines, Inc.*, 574 F. App'x 407, 409 (5th Cir. 2014) (gathering cases). Thus, the statute of limitations is not tolled when a plaintiff voluntarily dismisses under Rule 41(a). *See Basco v. Am. Gen. Ins. Co.*, 43 F.3d 964, 965-66 (5th Cir. 1994); *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th Cir. 1985); 9 C. Wright & A. Miller, Fed. Prac. and Proc. § 2367 at 186-87.

The result is the same under Mississippi law. "[W]hen a party chooses voluntarily to dismiss the action, the complaint does not toll the running of the statute of limitations." *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 839 ¶ 29 (Miss. 2010) (citing *Marshall v. Kansas City S. Ry's. Co.*, 7 So. 3d 210, 213 ¶ 11 (Miss. 2009); *Koestler v. Mississippi Baptist Health Sys, Inc.*, 45 So. 3d 280, 282 ¶ 13 (Miss. 2010)).[4]

Because the Plaintiffs voluntarily dismissed their first suit without prejudice pursuant to

---

[3] The Plaintiffs' Notice of dismissal in that case does not state any reason for voluntarily dismissing the case.
[4] Plaintiff's reliance on *Marshall v. Burger King* is misplaced because that case involved an involuntary dismissal not a voluntary one, and was nevertheless abrogated by a later case. *See Knight v. Knight*, 85 So. 3d 832, 836 ¶ 24 (Miss. 2012) *abrogating Marshall v. Burger King*, 2 So. 3d 702 (Miss. Ct. App. 2008) (citing *Kansas City So. R.R.*, 7 So. 3d at 213–14).

Rule 41(a)(1)(A)(i), the filing of the complaint in that suit had no tolling effect on the applicable statute of limitations. Thus, it is clear on the face of the Plaintiffs' amended complaint that the statute of limitations ran on March 22, 2014, well before the instant case was filed. Because the Plaintiffs have not raised any other basis for tolling, Plaintiffs' claims against the Rawlings Defendants are clearly time barred. For these reasons, the Rawlings Defendants' Motion to Dismiss [87] is GRANTED.

*Sanctions*

Finally, the Rawlings Defendants request that this Court impose sanctions on the Plaintiffs. The Rawlings Defendants allege generally that the Plaintiffs are "serial litigants" and that their claims are "patently frivolous." Other than these general allegations, the Rawlings Defendants provide no specific arguments or authority for the imposition of sanctions. Bearing in mind the *pro se* status of the Plaintiffs, and the fact that the Court did not reach the merits of the Plaintiffs' case in the above analysis but instead finds that their claims should be dismissed on statute of limitations grounds, the Court declines to impose sanctions at this time. However, the Court notes that *pro se* litigants are subject to Federal Rule of Civil Procedure 11 including the obligation not to "sign a pleading . . . intended to delay proceedings, harass another party, or increase the cost of litigation." *Ellis v. TPSD Pub. Sch. Dist.*, No. 1:12-CV-234-SA, 2014 WL 4607303, at *1 (N.D. Miss. Sept. 15, 2014) (citing *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1295 (5th Cir. 1990); FED. R. CIV. P. 11(b)).

*Conclusion*

For all these reasons, Plaintiffs' Motion for Default Judgment [82] is DENIED.

Plaintiffs' Motion for Default Judgment [93] is DENIED.

The Rawlings Defendants' Motion to Dismiss [87] is GRANTED. All of the Plaintiffs'

claims against the Rawlings Defendants are DISMISSED with prejudice, and Defendants Rawlings and Rawlings & MacInnis PA are DISMISSED as party defendants.

**SO ORDERED on this the 29th day of March, 2016**

　　　　　　　　　　　　　　　　　　　　　　 **/s/  Sharion Aycock**
　　　　　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**