IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID J. WHITEFOOT and
ELENA R. WHITEFOOT                                                                        PLAINTIFFS

V.                                                                    CAUSE NO.: 1:14-CV-113-SA-DAS

SHERIFF OF CLAY COUNTY, et al.                                                         DEFENDANTS

MEMORANDUM OPINION

The Court addresses the following motions in this Memorandum Opinion: (1) Clay County's Motion to Dismiss for Failure to State a Claim and for Immunity [95]; (2) Plaintiffs' Motion for the Court to Rule Clay County's Motion Null and Void [98]; (3) Clay County's Amended Motion to Dismiss for Failure to State a Claim [111]; and (4) Plaintiffs' Motion to Alter or Amend the Court's Judgment [115]. The Court addresses each of these in turn.

<u>Plaintiffs' Motion to Alter or Amend the Court's Judgment [115]</u>

In an Order and Opinion dated March 29, 2016, the Court held that the statute of limitations as to the "First Incident" had expired prior to Plaintiffs' filing this cause of action. Plaintiffs challenge that finding on the ground that the magistrate judge assigned to this case "stayed" this cause of action pending resolution of the immunity issue. Because of the stay, Plaintiffs assert that the Court had no authority to rule on motions other than the ones for immunity.

The stay required once an immunity motion is filed operates to halt all "attorney conferences, disclosure requirements, and discovery." L.U.CIV.R 16(b)(3)(B). The entry of the Order and Memorandum Opinion in this case is not included in any category of actions stayed by the filing of the motion. Moreover, federal courts have the inherent authority to achieve the orderly and expeditious disposition of their dockets. *Chambers v. NASCO, Inc.*, 501 U.S. 32,

111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Therefore, the Court has the lawful ability to rule on any outstanding motions despite the imposition of a stay. The Court the Motion to Alter or Amend is DENIED.

Clay County's Amended Motion to Dismiss or for Immunity [111]

Because the Amended Motion to Dismiss reiterates all arguments from the initial Motion to Dismiss [95], the original motion is dismissed as moot. Likewise, Plaintiffs' Motion to Nullify the Motion to Dismiss [98] is denied as well.

The only remaining claims in this case are against Clay County and the Sheriff's Deputies in their official capacities (the "County Defendants"). Plaintiffs have asserted a procedural due process claim as to the "First Incident," a procedural due process claim as to the "Second Incident," and state law claims.

Plaintiffs failed to indicate why the claims surrounding the "First Incident" on March 22, 2011, are not barred by the statute of limitations, as found earlier by the Court. The Court finds no reason why the statute of limitations would not also bar this claim against Clay County and the Deputies in their official capacities. As such, all claims surrounding the "First Incident" are dismissed.[1]

As to the "Second Incident," Plaintiffs complain that Sheriff's Deputies trespassed on their land to serve process for a state court case, *Mississippi State University v. Elena Whitefoot*. During the pendency of that lawsuit, Whitefoot filed a Motion to Dismiss in the state court on the grounds of insufficiency of process and insufficiency of service of process. The claims against Whitefoot were then dismissed on December 20, 2013. According to County Defendants, that is all the process due Plaintiffs, and thus, their procedural due process assertions fail to state a

---

[1] The Court incorporates the findings of the earlier Memorandum Opinion [109] regarding the statute of limitations of the "First Incident" here as well.

claim.

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 292 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id.*, 127 S. Ct. 1955. In addition to the pleadings, the Court may take judicial notice of documents in the public record without converting the motion to dismiss to a motion for summary judgment. *See generally Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Investments LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005).[2]

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. *See also, Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S. Ct. 1955. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face," *Id.* at 570, 127 S. Ct. 1955.

All allegations against the Sheriff and Sheriff's Deputies in their official capacities, and Plaintiffs' claims against the Clay County Sheriff's Department are appropriately interpreted as claims against Clay County. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Local government agencies, such as sheriff's departments, can only be held liable for constitutional torts under Section 1983 "when execution of a government's policy or

---

[2] Defendants and Plaintiffs attached state court filings to the motions to dismiss and responses thereto. Because these documents are both alluded to in the Amended Complaint and are public records, the Court takes judicial notice of, inclusion of these documents into the 12(b)(6) record does not convert the analysis to a summary judgment standard.

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, to succeed on a Section 1983 claim against a local government entity, the plaintiff must establish: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247–49 (5th Cir. 2003). Locating an official "policy" or "custom" ensures that a local government entity will be held liable only for those deprivations resulting from the decisions of those officials whose acts may fairly be said to be those of the governmental entity, and ensures that there is no risk of imposing *respondeat superior* liability. *Bryan Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403–04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997).

An "official policy" may be established in one of three ways: (1) "when the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy"; (2) "where no rule has been announced as 'policy' but federal law has been violated by an act of the policymaker itself;" and (3) "even where the policymaker has failed to act affirmatively at all, so long as the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need." *Bryan Cnty. Comm'rs,* 520 U.S. at 417–18, 117 S. Ct. 1382 (quotation marks and alterations omitted).

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. To prevail on a procedural due process claim, a plaintiff must show 1) that he suffered a deprivation of a

constitutionally protected interest in "life, liberty, or property," and 2) that such deprivation occurred without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990) (citations omitted). "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Id.* at 125, 110 S. Ct. 975 (citation omitted). *See also Morris v. Livingston*, 739 F.3d 740, 749–50 (5th Cir. 2014) (citations omitted). The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). When protected interests are implicated, the right to some kind of prior hearing is paramount. *Id.* at 570, 92 S. Ct. 2701. But the range of interests protected by procedural due process is not infinite. *Id.*, 92 S. Ct. 2701.

Property interests, of course, are not created by the Constitution. *Id.* at 577, 92 S. Ct. 2701. Rather "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 578, 92 S. Ct. 2701.

Ordinarily, the state may not take property from an individual without providing pre-deprivation notice and a hearing. *Zinermon*, 494 U.S. at 127, 110 S. Ct. 975 ("usually" the Constitution "requires some kind of hearing before the state deprives a person of liberty or property"). However, the *Parratt/Hudson* doctrine provides that when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of

5

action in state law is sufficient to satisfy the requirements of due process. *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533-35, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). The *Parratt/Hudson* doctrine is applicable if the following conditions exist: (1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. *Caine v. Hardy*, 943 F.2d 1406, 1413 (5th Cir.1991) (en banc). Conduct is not considered random and unauthorized if the State has delegated to the defendants the authority to cause the deprivation that is contested. *Allen v. Thomas,* 388 F.3d 147, 149 & n. 1 (5th Cir. 2004) (vacating district court's application of the *Parratt/Hudson* doctrine where prison guards confiscated prisoner's property because such action was authorized by a prison administrative directive).

The "controlling inquiry" in determining the applicability of *Parratt/Hudson* doctrine is "whether the State is in a position to provide for predeprivation process". *Hudson,* 468 U.S. at 534, 104 S. Ct. 3194; *see Thibodeaux v. Bordelon*, 740 F.2d 329, 336 (5th Cir. 1984). The *Parratt/Hudson* doctrine posits a distinction between (1) the random and unauthorized (and hence unpredictable) conduct of a state actor, and (2) conduct that the state can contain and direct by instituting procedural safeguards. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–37, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982). If the state cannot protect the individual by imposing pre-deprivation procedures, or if quick action is essential, the best the state can do is to allow injured individuals to recover damages after the injury has occurred. *Parratt v. Taylor,* 451 U.S. 527, 539, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). If, however, the state is able to provide

the affected individual with a hearing before the deprivation occurs, due process usually requires that the state do so.

The *Parratt/Hudson* doctrine is not dispositive here. The Sheriff's Deputies' entry onto the Whitefoots' land was not random or unauthorized. The Mississippi Rules of Civil Procedure direct sheriffs of the county in which the defendant resides or is found to "[d]eliver the summons." MISS. R. CIV. P. 4(a)(1)(B). One of those methods of "delivery" is by leaving a copy of the summons and complaint at the "defendant's usual place of abode . . . ." *Id.* at (d)(1)(B). Therefore, delivery of a summons and complaint to any individual's usual place of abode is neither unforeseeable nor unauthorized. Therefore, the *Parratt/Hudson* doctrine is inapplicable to the facts of this case.

At this stage in the litigation, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.2009) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). As stated, this requires merely that the complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). Here, the Whitefoots have put forth sufficient allegations of a policy or pattern of similar constitutional violations, i.e. of sheriff's deputies trespassing on private property without notice, such that the Court could infer a policy. Simply stated, Plaintiffs have sufficiently alleged a plausible claim under the Fourteenth Amendment for a procedural due process violation.

County Defendants alternatively assert that they are protected by quasi-judicial immunity. The cases cited to stand for such proposition, however, only implicate individual liability. *In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) ("Law enforcement officers have absolute immunity for enforcing the terms of a court order but only qualified immunity for the

manner in which they choose to enforce it"). The Defendant Deputies are no longer parties to this suit in their individual capacities. The only remaining defendants at this time are Clay County, the Sheriff and the Sheriff's Deputies, all in their official capacities only. Therefore, quasi-judicial immunity does not apply in this case.

Fourth Amendment

Although the pro se Plaintiffs asserted in their Amended Complaint that the Defendants' alleged trespass violated the Fourteenth Amendment procedural due process clause, the Court "liberally construe[s]" pro se pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Indeed, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*, 97 S. Ct. 285 (internal quotation marks omitted); *see also* FED. R. CIV. P. 8(e)("Pleadings must be construed so as to do justice."). Based on the allegations of the Complaint, it appears that Plaintiffs are attempting to prosecute a Fourth Amendment claim against the County Defendants.

The Supreme Court has stated that "a fundamental purpose of the Fourth Amendment is to safeguard individuals from unreasonable government invasions of legitimate privacy interests." *United States v. Chadwick*, 433 U.S. 1, 11, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991). Thus, to bring a Fourth Amendment action for an unlawful search (or entry), a plaintiff must have a legitimate expectation of privacy that society recognizes as reasonable. *California v. Ciraolo*, 476 U.S. 207, 211, 106 S. Ct. 1809, 90 L. Ed. 2d 210 (1986). Indeed, "at the very core" of the Fourth Amendment "stands the right of a man to retreat into his own home." *Silverman v. United States,* 365 U.S. 505, 511, 81 S. Ct. 679, 682, 5 L. Ed. 2d 734 (1961). *See also Oliver v. United States*, 466 U.S. 170, 178-79, 104 S. Ct. 1735, 80 L. Ed. 2d 214

(1984); *Payton v. New York*, 445 U.S. 573, 601, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980); *Wyman v. James*, 400 U.S. 309, 316, 91 S. Ct. 381, 27 L. Ed. 2d 408 (1971).

Not only is there a reasonable expectation of privacy in the home, historically, there is an expectation of privacy in the curtilage, the "area to which extends the intimate activity associated with the 'sanctity of a man's home and the privacies of life.'" *Oliver*, 466 U.S. at 180, 104 S. Ct. 1735 (quoting *Boyd v. United States*, 116 U.S. 616, 630, 6 S. Ct. 524, 29 L. Ed. 746 (1886)). It is, therefore, the government's unlawful *invasion* of this privacy that gives rise to a Fourth Amendment violation.

Because Plaintiffs' possessory interest in their property was not impacted by the Sheriff's Deputies, but an unauthorized intrusion on their property, *United States v. Jones*, --- U.S. ---, 132 S. Ct. 945, 181 L. Ed. 2d 911 (2012), the Plaintiffs have plausibly pled the existence of an official policy or custom subjecting citizens to unreasonable searches in violation of the Fourth Amendment. Here, Plaintiffs contend that their house is surrounded by thirty-two acres, is approximately 200 yards from the road, the entrance to which is blocked by a locked chain. "No trespassing" signs were posted along the driveway to their house. In order to approach the house, the Sheriff's Deputy had to park his car at the locked entrance, climb over the locked chain, and walk 200 yards before reaching the Plaintiffs' house. Accordingly, the Plaintiffs' Fourth Amendment claims against the County Defendants survive this 12(b)(6) inquiry.

State Law Claims

The County Defendants also seek dismissal of all state law claims against it. "Any tort claim filed against the government, or an employee thereof, must be brought under the [Mississippi Tort Claims Act], the exclusive civil remedy against the government or its employees 'for acts or omissions which give rise to a suit.'" *Watkins ex rel. Watkins v. Miss.*

9

*Dep't of Human Servs.*, 132 So. 3d 1037, 1042 (¶ 15) (Miss. 2014) (citation omitted). Before a claimant files suit against a governmental entity, a notice of claim must first be filed with that entity. *Lee v. Mem'l Hosp. at Gulfport*, 999 So. 2d 1263, 1266 (¶ 9) (Miss. 2008) (citing MISS. CODE ANN. § 11–46–11(1)–(2) (Rev. 2002)). Section 11–46–11(2) reads as follows:

> Every notice of claim shall:
>
> (i) Be in writing;
>
> (ii) Be delivered in person or by registered or certified United States mail; and
>
> (iii) Contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought, and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

It is well settled that Mississippi law requires substantial compliance with the notice provisions of the MTCA. *S. Cent. Reg'l Med. Ctr. v. Guffy*, 930 So. 2d 1252, 1255 (¶ 7) (Miss. 2006). "In a diversity action such as this, substantive state law determines what constitutes an affirmative defense. However, the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Pollard v. Hinds Cty. Dep't of Human Servs.*, No. 3:13CV324-DPJ-FKB, 2014 WL 5324384, at *3 (S.D. Miss. Oct. 17, 2014) (citing *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007)). The record in this case reflects that the County Defendants raised the lack of MTCA pre-suit notice in their answer [55]. Plaintiffs have failed to produce evidence that the pre-suit notice requirements were substantially complied with. All state law claims are therefore dismissed.

*Conclusion*

Defendants' Amended Motion to Dismiss [111] is therefore, GRANTED IN PART and DENIED IN PART. Plaintiffs' remaining claims against the County Defendants are as follows:

1. Fourteenth Amendment Procedural Due Process for the "Second Incident"

2. Fourth Amendment unreasonable search for the "Second Incident"

SO ORDERED, this the 22nd day of August, 2016.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**