IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID J. WHITEFOOT, and                                                      PLAINTIFFS
ELENA R. WHITEFOOT

V.                                                             CAUSE NO. 1:14-CV-113-SA-DAS

SHERIFF OF CLAY COUNTY, et al.                                               DEFENDANTS

MEMORANDUM OPINION

The Court issued a number of Orders in this case disposing of the majority of the Plaintiffs' claims. The Court's most recent Memorandum Opinion [119] outlines the Plaintiff's remaining claim that is scheduled to proceed to a jury trial on September 18, 2017. The Plaintiffs' sole remaining claim is a 42 U.S.C. § 1983 claim against Clay County Mississippi, and several Sheriff's Deputies in their official capacities, for an alleged constitutional violation. Specifically, the Plaintiffs' claim is a Fourteenth Amendment Due Process claim arising under the Fourth Amendment for an unauthorized entry on the Plaintiffs' private property by a Clay County Sheriff's Deputy to serve civil process at the Plaintiffs' residence. All of the Plaintiffs' other claims, including all of their state law claims, were dismissed by other Orders of this Court. *See* Orders [92, 108, 110, 118].

The County Defendants filed a motion [141] requesting summary judgment in their favor on the Plaintiffs' final claim. The Plaintiffs filed a Response [151, 152] and the County filed a Reply [153] making this issue ripe for review.[1]

---

[1] The *pro se* Plaintiffs also filed a number of other Notices and Responses, which the Court has reviewed and considered. The Plaintiffs also filed a second Motion for Reconsideration [140] that does not raise any new grounds for reconsideration not already raised in their previous Motion for Reconsideration [120], and denied [127]. Because all of the arguments in the renewed motion have already been addressed by the Court, the Plaintiffs' renewed request for reconsideration is denied.

*Factual and Procedural Background*

As previously noted by this Court, the Plaintiffs contend that a Clay County Sheriff's Deputy intruded onto their property to serve civil process. According to the Plaintiffs, their house is surrounded by thirty-two acres, and is approximately 200 yards from the road, the entrance to which is blocked by a locked chain. "No trespassing" signs were posted along the driveway to their house. In order to approach the house, the Sheriff's Deputy had to park his car at the locked entrance, climb over the locked chain, and walk 200 yards before reaching the Plaintiffs' house, climbing up onto their porch, and knocking on the door.

The County Defendants now request summary judgment on the Plaintiffs' claim by arguing, *inter alia*, that the Deputy's actions were authorized under state law, committed pursuant to implied consent and custom, and reasonable under the Fourth Amendment. The County Defendants also dispute the facts underlying the claim.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. 2548. The nonmoving

party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993); *Little*, 37 F.3d at 1075.

*Discussion and Analysis*

At the outset, the Court notes that the County Defendants have now advanced, for the first time, another version of the relevant facts from Deputy Williams' point of view. Deputy Williams' version of events directly contradicts the Plaintiffs' version, specifically with respect to the gate and approach to the Plaintiffs' residence and other circumstances surrounding the service of process at issue in this case. Of course, at this summary judgment stage, the Court must construe these disputed, material for the reasons noted below, facts in the Plaintiffs' favor making summary judgment inappropriate.

In addition, the Court notes that the County Defendants' main argument is that the Deputy's intrusion onto the Plaintiffs' property was "directed" under state law and that consent was given through an "implied legal privilege or license". This argument is premised on the idea that there is a common custom or practice under common law that allows Sheriffs to intrude on

3

private property for the "legal" purpose of serving civil process. Inexplicably, the County Defendants then argue that the Plaintiffs have failed to bring forth any evidence of an official policy or custom that is the moving force behind their alleged constitutional violation.

The County Defendants remaining arguments are premised on the Deputy's newly advanced version of facts. Specifically, that his common practice was to post a note at the entrance to the Whitefoot property alerting them to his need to contact them, and that only after obtaining additional consent, did he make further entry onto the property. As noted, the Plaintiffs' version of facts directly contradicts this version.

The correct inquiry here, and "the touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211, 106 S. Ct. 1809, 90 L. Ed. 2d 210 (1986) (citing *Katz v. United States*, 389 U.S. 347, 360, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) (Harlan, J., concurring)). "*Katz* posits a two-part inquiry: first, has the individual manifested a subjective expectation of privacy in the object of the challenged search? Second, is society willing to recognize that expectation as reasonable?" *Id.*, 106 S. Ct. 1809 (citing *Smith v. Maryland*, 442 U.S. 735, 740, 99 S. Ct. 2577, 61 L. Ed. 2d 220 (1979)).

In the instant case, similar to the fence constructed to hide property from view considered in *Ciarolo*, the gate, signs, and other steps taken by the Plaintiffs demonstrate, so far as normal rural traffic is concerned, that they "took normal precautions to maintain [their] privacy." *Id.*, 106 S. Ct. 1809 (citing *Rawlings v. Kentucky*, 448 U.S. 98, 105, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980)).

The Court finds the *Ciraolo* Court's consideration of curtilage instructive in the instant case. "At common law, the curtilage is the area to which extends the intimate activity associated

with the 'sanctity of a man's home and the privacies of life.'" *Ciraolo*, 476 U.S. at 212–13, 106 S. Ct. 1809 (citing *Oliver*, 466 U.S. at 180, 104 S. Ct. 1735 (quoting *Boyd v. United States*, 116 U.S. 616, 630, 6 S. Ct. 524, 29 L. Ed. 746 (1886)). "The protection afforded the curtilage is essentially a protection of families and personal privacy in an area intimately linked to the home, both physically and psychologically, where privacy expectations are most heightened. *Id*., 106 S. Ct. 1809.

Turning to the second question from *Katz*, whether that expectation is reasonable, the Court "must keep in mind that '[t]he test of legitimacy is not whether the individual chooses to conceal assertedly 'private' activity,' but instead 'whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment.'" *Id*., 106 S. Ct. 1809 (citing *Oliver*, 466 U.S. at 181-83, 104 S. Ct. 1735). This is a fact-intensive inquiry that requires consideration of the very facts that the parties in this case dispute. Because the weighing of such facts and evidence is inappropriate at this summary judgment stage, the Court will allow this claim to proceed to a full trial. *Reeves*, 530 U.S. at 150, 120 S. Ct. 2097.

The *Oliver* Court also clarified the nature of the inquiry from *Katz*. "The test of legitimacy is not whether the individual chooses to conceal assertedly 'private' activity. Rather, the correct inquiry is whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment." *Oliver*, 466 U.S. at 182–83, 104 S. Ct. 1735.

Finally, the Court finds particularly applicable to the issues in this case, the *Oliver* Court's explanation of the relationship between an unconstitutional search and the common law trespass.

> Nor is the government's intrusion upon an open field a "search" in the constitutional sense because that intrusion is a trespass at common law. The existence of a property right is but one element in determining whether expectations of privacy are legitimate.

5

> 'The premise that property interests control the right of the Government to search and seize has been discredited.

*Oliver*, 466 U.S. at 182–83, 104 S. Ct. 1735 (citing *Katz*, 389 U.S. at 353, 88 S. Ct. 507 (quoting *Warden v. Hayden*, 387 U.S. 294, 304, 87 S. Ct. 1642, 18 L. Ed. 2d 782 (1967)). The *Oliver* Court went further, to explain that

> Even a property interest in premises may not be sufficient to establish a legitimate expectation of privacy with respect to particular items located on the premises or activity conducted thereon. *Rakas v. Illinois*, 439 U.S. 128 at 144, n. 12, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978). The common law may guide consideration of what areas are protected by the Fourth Amendment by defining areas whose invasion by others is wrongful. *Id.* at 153, 99 S. Ct. 421 (POWELL, J., concurring). The law of trespass, however, forbids intrusions upon land that the Fourth Amendment would not proscribe. For trespass law extends to instances where the exercise of the right to exclude vindicates no legitimate privacy interest.

*Oliver*, 466 U.S. at 182–83, 104 S. Ct. 1735. As noted, the Court finds these above quoted analyses particularly relevant and instructive as to the claim in this case. The Parties would do well to take note of these precedents in preparation for a trial of this case on the merits.

*Other Issues*

In some of their recent pleadings, the Plaintiffs have expressed a desire to dismiss their remaining claim in an effort to hasten their opportunity to appeal to the Fifth Circuit Court of Appeals. The Court urges the Plaintiffs to carefully consider all of the implications of voluntarily dismissing their remaining claim and to review the Federal Rules of Civil Procedure, especially Rules 41 and 54.

The Plaintiffs' sole remaining claim is a 42 U.S.C. §1983 for a constitutional violation arising under the Fourth and Fourteenth amendments.

If the Plaintiffs wish to dismiss this claim, they must inform the Court immediately in writing with a short and unequivocal statement.

Should the Plaintiffs wish to proceed to trial on this claim, they must appear telephonically at the Final Pretrial Conference as scheduled by the Magistrate Judge in this case, or face sanctions, including dismissal, as noted in the Magistrate Judge's Amended Order [154] governing the pretrial conference.

The Plaintiffs' Motion for Reconsideration [140] is DENIED.

The Defendants' Motion for Summary Judgment [141] is DENIED.

IT IS SO ORDERED on this, the 5th day of September, 2017.

    /s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE